UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON L. SANDERS, #305405,

       Plaintiff,

                                             Case No. 1:11-CV-892

v.

                                             HON. ROBERT HOLMES BELL

WILLIE O. SMITH, et al.,

       Defendants.

                                          /

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On September 30, 2014, United States Magistrate Judge Phillip J. Green issued a report and recommendation ("R&R") recommending that all of Plaintiff's claims against Defendant Mario Cunningham be dismissed, that all of Plaintiff's claims against Defendants D. Gayne and Unknown Lames be dismissed for lack of service of process, that Defendants' motion for partial summary judgment (ECF No. 69) be granted in part. (R&R, ECF No. 109.) Objections were filed by Defendants and by Plaintiff. (ECF Nos. 110, 112.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Michigan Department of Corrections Defendants object to the conclusion that Plaintiff adequately exhausted his administrative remedies against Corrections Officer Andrews. They note that Plaintiff did not identify Andrews in his grievance as one of the ones who assaulted him or observed the assault.

Plaintiff alleged in his grievance that he was escorted to the shower by Andrews, Finnery and Ganye, that he was assaulted by Ganye and Finnerty, and that Officers D. King, Grandy, and Bronson and Supervisor Sgt. King watched the assault. The Magistrate Judge recognized that Plaintiff's grievance did not specifically identify Andrews as an assaulter or observer, but nevertheless found that the grievance, which specified that Andrews was one of the three escorting officers, "placed Andrews in very close proximity when the alleged assault by Gagne and Finnerty occurred, and described no action taken by defendant Andrews to stop it, was adequate to provide Andrews with notice of the claim being asserted against him." (R&R 18.) On de novo review, the Court agrees that the grievance was sufficient to properly exhaust Plaintiff's claim against Defendant Andrews. Although a prisoner is required to allege misconduct on the part of the defendant in his grievance, in keeping with the general practice of liberally construing pro se prisoners' filings, this is not a particularly strict standard. *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). Because Plaintiff named Andrews

in his grievance as one of the officers who escorted him, and because he did not indicate that Andrews left the scene or took any action to stop the assault, a liberal construction of the grievance is sufficient to put Andrews on fair notice of Plaintiff's Eighth Amendment claim against him.

Plaintiff objects to the Magistrate Judge's conclusion that he failed to properly exhaust grievance No. ICF-10-07-1799-22z. (R&R 20.) Plaintiff contends that he exhausted all "available" remedies because his timely requests for an appeal form were denied.

The Magistrate Judge found no evidence that Plaintiff made requests for appeal forms in a timely fashion. This finding is supported by the record. Plaintiff stated that he received the Step I response to his grievance on September 24, 2010. (Pl. Decl. ¶ 28, ECF 81.) Plaintiff's Step II appeal was accordingly due within ten business days. (PD 03.02.130(BB).) According to Plaintiff's own declaration, Plaintiff did not mail his Step II appeal to the ICF warden until January 7, 2011. (Pl.'s Decl. ¶ 30, ECF No. 81.) The Court agrees with the Magistrate Judge's determination that Plaintiff's Step II grievance was properly denied as untimely.

In his objections, Plaintiff asserts that he was prevented from timely filing a Step II appeal. The evidence Plaintiff has presented in support of his contention that he timely requested a Step II appeal form for grievance ICF-10-07-1799-22z is new evidence that was not presented to the Magistrate Judge. In response to Defendants' motion for partial summary judgment, Plaintiff merely stated that he sent "several requests for appeal forms,"

3

without specifying when those requests were made. (Pl. Decl. ¶ 29.) The documentary evidence Plaintiff provided to the Magistrate Judge with respect to grievance ICF-10-07-1799-22z is found in his Exhibit E. (ECF No. 82-1.) The exhibits attached to Plaintiff's objections at Page ID#'s 770, 771, and 772, which purport to be copies of requests made in September 2010 for a Step II appeal form for grievance ICF-10-07-1799-22z, were not presented to the Magistrate Judge. Moreover, the exhibit at Page ID#771 appears to be an alteration of one of the exhibits that was presented to the Magistrate Judge. (*Cf.* Pl.'s Ex. E, Page ID#628 (ECF No. 82-1).)

Absent compelling reasons, a party is not allowed to raise at the district court stage new arguments or issues that were not presented to the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (citing, *inter alia*, *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998)); *see also Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n. 2 (6th Cir. 2010) (holding that a party waives an argument if it does not raise it before a magistrate judge). "Objections to a report and recommendation on a motion for summary judgment must be based on the evidence available to the Magistrate Judge at the time he considered the motion. It is inappropriate to offer new evidence at the time objections are filed and to argue that the Magistrate Judge erred in his recommendation." *Coleman v. Dahlstrom*, No. 2:05-CV-30, 2006 WL 644477, at *1 (W.D. Mich. Mar. 9, 2006) (Edgar, J.).

The issue of Plaintiff's failure to file a timely Step II appeal of grievance ICF-10-07-1799-22z was squarely presented in Defendants' motion for partial summary judgment.

4

(Defs.' Br. 8, ECF No. 70.)  Plaintiff has articulated no reason for failing to present evidence of his purported timely attempts to obtain a Step II grievance form to the Magistrate Judge.  the Court accordingly declines to consider the new evidence.

Upon de novo review of Plaintiff's objections, the Court is satisfied that the R&R is factually sound and legally correct, and that Plaintiff's objections are unfounded.  The Court will accordingly approve and adopt the R&R.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 112) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' objections to the R&R (ECF No. 110) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the September 30, 2014, R&R of the Magistrate Judge (ECF No. 109)  is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendant Mario Cunningham are **DISMISSED** under 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1), and 42 U.S.C. §1997e(c) for failure to state a claim upon which relief can be granted..

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendants D. Gayne and Unknown Lames are **DISMISSED** under Fed. R. Civ. P. 4(m) for lack of service of process.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment (ECF No. 69) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is

denied with regard to: (1) Plaintiff's Eighth Amendment claim against Defendant Andrews based on the February 3, 2010, incident, and (2) Plaintiff's First Amendment retaliation claim against Jennifer Gagne based on events which allegedly occurred on February 11, 2010. The remainder of the motion is granted, and all of Plaintiff's claims against Defendants Willie Smith, Erica Huss, Ronald Embry, Leslie Beak, John Kelley, Paul Gorman, Aaron Sherk, Brian Chaffee and Jeremy Smith are **DISMISSED**.

**IT IS FURTHER ORDERED** that the order that stayed consideration of Plaintiff's motion for partial summary judgment (Sept. 30, 2013, Order, ECF No. 98) is **MODIFIED** such that the stay is lifted as to Plaintiff's remaining claims and the Defendants named in those claims are directed to file a response to Plaintiff's motion (ECF No. 84) within 28 days after the date of this order.

Dated: March 31, 2015  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE